# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **COURTNEY ALEMAN, ET AL.** | : | **DOCKET NO. 05-1027** |
| **VS.** | : | **JUDGE MINALDI** |
| **WILLIAM C. CRAMER, ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Before the court is plaintiffs' motion to remand [doc. # 16].[1]

This matter was removed to federal court by defendant, James Cable, L.L.C. (incorrectly named in the petition as "Communi Comm Services"), on the basis of diversity jurisdiction. 28 U.S.C. § 1332. The motion seeks remand because all parties are not diverse, and because all defendants did not timely consent to removal. 28 U.S.C. § 1332. 28 U.S.C. § 1446(b). No opposition has been filed, and the time for accomplishing same has expired. (*See*, LR.7.5W, and Notice of Setting Motion [doc. # 19]).[2] The matter is now before the court.

## Discussion

It is axiomatic that all properly joined and served defendants must join in the notice of

---

[1] The motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A).

[2] The removing defendant has been dismissed from the case. (*See*, July 12, 2005, Order). Counsel for the only other defendant to have made an appearance, Old American County Mutual Insurance Company, represented in a telephone call with court staff that he does not oppose remand.

removal or otherwise consent to removal within the 30 day period set forth in 28 U.S.C. § 1446(b). *Jones v. Scogin*, 929 F.Supp. 987, 988 (W.D. La. 1996)(citing, *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1263 (5th Cir. 1988). The joinder or consent to removal by all served defendants must be effected within 30 days after the first defendant was served. *Getty Oil*, 841 F.2d at 1263. Failure to do so, renders the removal defective. *Getty Oil*, 841 F.2d at 1263.

Here, the record indicates that Old American County Mutual Insurance Company was served on April 19, 2005. [doc. # 8]. To date, Old American County Mutual Insurance Company has not filed a consent to removal. Accordingly, the removal was defective. *See*, *Getty Oil, supra*.

Furthermore, the Notice of Removal alleges that defendant, William Cramer, is a Texas domiciliary. (Notice of Removal, ¶ 7). However, plaintiffs contend that Cramer is a citizen of Louisiana, and thus complete diversity with the Louisiana plaintiffs is lacking. (M/Remand). When properly challenged, the burden of establishing jurisdiction rests with the party invoking the court's jurisdiction. *Ray v. Bird and Son and Asset Realization Co., Inc.*, 519 F.2d 1081, 1082 (5th Cir. 1975). Here, defendants have not met that burden.

For the foregoing reasons, the undersigned finds that removal and subject matter jurisdiction are lacking. 28 U.S.C. § 1447(c). Accordingly,

    IT IS RECOMMENDED that plaintiffs' motion to remand [doc. # 16] be GRANTED.

    IT IS FURTHER RECOMMENDED that plaintiffs' request for attorney's fees be

DENIED.[3]

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 28th day of July, 2005.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

---

[3] The removing party has been voluntarily dismissed from the case.